UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEENAN T. KNIGHT,

    Plaintiff,

    v.                                    Case No. 23-cv-886

AMIKA AVERY,
JORDAN TAYLOR,
TERRELL WILLIAMS, and
OFFICER JOHN DOE,

    Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES

---

The Defendants, Amika Avery, Jordan Taylor, and Terrell Williams (the "Defendant"), by their attorneys Milwaukee County Office of Corporation Counsel, by Assistant Corporation Counsel Dale R. Nikolay, answers Plaintiff's Complaint (ECF No. 1) as follows:

**A.    PARTIES**

1. Plaintiff is a citizen of Wisconsin, and is located at Milwaukee County Jail, 949 N 9th St, Milwaukee, WI 53203.

**ANSWER:**    Defendants admit that Plaintiff is currently incarcerated in the Milwaukee County Jail, which is located at 949 N. 9th St. in Milwaukee, Wisconsin 53233. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this statement and therefore deny the same.

2. Defendant Sheriff Danita Ball is a citizen of Wisconsin and resides at Milwaukee County Jail, 949 N. 9th St, Milwaukee, WI 53203 and worked for Milwaukee County Sheriff's Department.

**ANSWER:** Defendants deny that Sheriff Ball is a defendant in this action as the Court dismissed her in its Screening Order (ECF No. 7).

3. Defendant Captain Hannah is a citizen of Wisconsin, and resides at Milwaukee County Jail, 949 N. 9th St., Milwaukee, Wisconsin 53203 and work [sic] for the Milwaukee County Jail.

**ANSWER:** Defendants deny that Captain Hannah is a defendant in this action as the Court dismissed him in its Screening Order (ECF No. 7).

4. Defendant Lieutenant (Lt.) Avery is a citizen of Wisconsin, and resides at Milwaukee County Jail, 949 N. 9th St., Milwaukee, Wisconsin 53203, and work [sic] for the Milwaukee County Jail.

**ANSWER:** Defendants admit that Lt. Avery is a citizen of Wisconsin. Defendants deny that Lt. Avery resides at the Milwaukee County Jail, and affirmatively asserts that she is an employee of the Milwaukee County Sheriff's Office, assigned to work in the Milwaukee County Jail located at 949 N. 9th St., Milwaukee, WI 53233.

5. Defendant Correctional Officer Taylor is a citizen of Wisconsin, and resides at Milwaukee County Jail, 949 N. 9th St., Milwaukee, Wisconsin 53203, and work [sic] for the Milwaukee County Jail.

**ANSWER:** Defendants admit that Officer Taylor is a citizen of Wisconsin. Defendants deny that Officer Taylor resides at the Milwaukee County Jail, and affirmatively asserts that he is an employee of the Milwaukee County Sheriff's Office, assigned to work in the Milwaukee County Jail located at 949 N. 9th St., Milwaukee, WI 53233.

6. Defendant Correctional Officer TE. Williams is a citizen of Wisconsin, and resides at Milwaukee County Jail, 949 N. 9th St., Milwaukee, Wisconsin 53203, and work [sic] for the Milwaukee County Jail.

**ANSWER:** Defendants admit that Officer Terrell Williams is a citizen of Wisconsin. Defendants deny that Officer Williams resides at the Milwaukee County Jail, and affirmatively asserts that he is an employee of the Milwaukee County Sheriff's Office, assigned to work in the Milwaukee County Jail located at 949 N. 9th St., Milwaukee, WI 53233.

7. Defendant Correctional Officer John Doe, is a citizen of Wisconsin, and resides at Milwaukee County Jail, 949 N. 9th St., Milwaukee, Wisconsin 53203, and worked for the Milwaukee County Jail.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegations in this statement and therefore deny the same.

**B. STATEMENT OF CLAIM**

8. On 5/31/2023, I Keenan T. Knight, plaintiff, was incarcerated at the Milwaukee County Jail, Criminal Justice Facility, located at 949 N. 9th St., in the city of and county of Milwaukee, state of Wisconsin.

**ANSWER:** Admit.

9. On the above date, at approxiamately [sic] 5:20 pm, I Keenan T. Knight, was housed on Unit 6B cell 36 of the Milwaukee County Jail.

**ANSWER:** Admit.

10. Correctional Officer Saavedra was the assigned officer working Unit 6B.

**ANSWER:** Admit.

11. Upon conducting a walk through of the unit Officer Saavedra smelled smoke near the visiting booth area and immediately ordered the entire unit to lock in and notified his supervisor lieutenant Avery of the situation.

**ANSWER:** Admit.

12. Approximately 15 minutes after being ordered to lock in Officer Saavedra informed me that I had a no contact visit out on floor control.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegations in this statement and therefore deny the same.

13. Once on floor control lieutenant Avery accompanied by Officer Taylor and Officer TE. Williams informed me that I did not have a visit and that they would be conducting a search of my cell and I was placed in a no contact visiting booth on floor control.

**ANSWER:** Admit.

14. Very shortly after Captain hannah and Sgt. Perry-Wright responded to unit 6B regarding this situation then returned to the area of floor control.

**ANSWER:** Defendants lack knowledge or information sufficient to admit or deny the allegations in this statement and therefore deny the same.

15. At approximately 6:20 pm, Lt. Avery, Officer Taylor, and Officer TE Williams returned to floor control.

**ANSWER:** Admit.

16. Lt. Avery informed me that they searched my cell and found four cigarettes and tobacco in my cell and that Im being placed on administrative/disciplinary segregation status and I would be transferred from Unit 6B to Unit 4A.

**ANSWER:** Admit.

17. Lt. Avery requested that additional officers respond to the situation.

**ANSWER:** Admit and affirmatively allege that she did so due to Knight's lack of cooperation with the officers' orders.

18. Officer TE. Williams pulled out his taser pointing it at me as Officer Taylor and 2nd unknown officer opened the no contact visiting booth door.

**ANSWER:** Admit, but affirmatively assert this was after Knight refused orders from officers to place his hands out of the holding cell so he could be handcuffed.

19. Officer TE. Williams stated to me if I make any move that he was going to tase me.

**ANSWER:** Admit that Williams told Knight he would tase Knight, but deny Williams stated he would do so if Knight made "any move." Affirmatively assert that after Knight refused to comply with orders to place his hands out of the holding cell, Williams' statement to Knight was "if you do anything but put your hands out [of the holding cell], you're getting tased" and to "place your hand in the cuff."

20. As officer Taylor and 2nd unknown officer was attempting to place me in handcuffs attached to a restraint belt I adamently [sic] requested to speak with Captain Hannah consistently.

**ANSWER:** Deny.

21. As my right hand was handcuffed, I was pulled out of the visiting booth facing officer Taylor and unknown officer as they were attempting to place my left hand in the handcuffs.

**ANSWER:** Admit that Knight's right hand was handcuffed and that his left hand was not yet cuffed**.** Deny that Knight was "pulled" from the visiting booth and affirmatively assert he was guided out so the officers could safely secure Knight to escort him to a different area within the Jail.

22. Officer TE Williams then holstered his taser and approached me from behind and reached around my body to grab the ripp restraint belt.

**ANSWER:** Admit.

23. As officer TE. Williams pulled on the ripp belt in attempt to place it around my waist area Officer Taylor and unknown officer pulled my hands while both cuffed in the handcuffs back towards them.

**ANSWER:** Deny.

24. Officer TE. Williams then immediately grabbed my head wrapping his arms around my forehead and chin area and I was thrown down to the ground while handcuffed.

**ANSWER:** Deny and affirmatively allege that Williams performed a trained, controlled decentralization on Knight when Knight resisted having the RIPP restraint belt fastened around his waist.

25. At this point I felt unknown officers at my legs, mid section area, and head area holding me down.

**ANSWER:** Admit that officers were attempting to secure Knight by holding him down and attempting to fasten the RIPP restraint belt around his waist at which time Knight grabbed the shirt collar of Officer Williams and would not let go as commanded.

26. I felt unknown officer strike me twice hard in my lower stomach and mid section area and almost immediately after I heard unknown officer yell "taser, taser, taser, clear," and Officer Taylor shot me with his taser in my left back and upper left buttock while I was down on the ground handcuffed as Lt. Avery and numerous officers stood over me.

**ANSWER:** Admit that officers performed focused strikes to gain compliance with their orders to Knight to release his grip on Williams' shirt collar and finally utilized a taser to end his physical resistance and gain compliance.

27. As a result of the circumstances of the mentioned incident I Keenan T. Knight, the plaintiff in this matter is making a Fourteenth Amendment due process claim and seek damages for

6

unnecessary excessive use of force, mental/emotional distress, and pain and suffering. claims against defendants are as follow[s]

   a. Sheriff Danita Ball, in official and personal capacity, acting sheriff of Milwaukee County, acting under the color of law, failed to adequately supervise and train employee's under her command; failure to protect against unnecessary excessive of use of force by employee's.

   b. Captain Hannah, in official and personal capacity, employee of the Milwaukee County Jail, acting under the color of law, failed to adequately supervise employee's under his command; failure to avert the unnecessary excessive use of force by employee's under his command; failure to protect against unnecessary use of force by employee's under his command.

   c. lieutenant Avery, in official and personal capacity, Employee of the Milwaukee County Jail, acting under the color of law, failed to adequately supervise employee's under her command; failure to avert the unnecessary excessive use of force by employee's under her command; failure to protect against unnecessary excessive use of force by employee's under her command.

   d. Correctional Officer Taylor, in official and personal capacity, employee of the Milwaukee County Jail, acting under the color of law, used unnecessary excessive force against plaintiff by tasing plaintiff while handcuffed on the ground; pain and suffering; mental/emotional distress.

   e. Correctional Officer TE. Williams, in official and personal capacity, employee of the Milwaukee County Jail, acting under the color of law, used unnecessary excessive force against plaintiff.

7

f. Correctional Officer John Doe, in official and personal capacity, employee of the Milwaukee County Jail, acting under the color of law, used unnecessary excessive force against plaintiff by striking plaintiff in lower stomach abdomen area; pain and suffering; mental/emotional distress.

**ANSWER:** Admit that Plaintiff was attempting to bring the aforementioned claims against the identified individuals in both individual and official capacities, but deny the court permitted such claims. Defendants affirmatively assert that the court has permitted Plaintiff leave to proceed on 1) claims of excessive force against Taylor, Williams and Doe defendants; 2) a claim against defendant Avery under a theory of supervisor liability; and 3) intentional infliction of emotional distress.

**C.    JURISDICTION**

28. I am suing for a violation of federal law under 28 U.S.C. § 1331.

**ANSWER:** This allegation requires no response from Defendants. To the extent a response is required, Defendants deny and affirmatively state that they did not violate any laws including "federal law under 28 U.S.C. § 1331."

**D.    RELIEF REQUESTED**

**ANSWER:** These allegations require no response from Defendants. To the extent a response is required, Defendants deny each and every allegation of Section D and affirmatively state that Plaintiff is not entitled to any relief including the relief he seeks.

**AFFIRMATIVE DEFENSES**

As and for her affirmative defenses to the Complaint, Defendants Taylor, Williams and Avery state as follows:

a)    Plaintiff may have failed to exhaust his administrative remedies.

b) Plaintiff failed to comply with the notice requirements of Wis. Stat. Section 893.80 as it relates to his state law claim.

c) Defendants are entitled to absolute immunity.

d) Defendants are entitled to qualified immunity.

e) Defendants did not deprive Plaintiff of any right secured by the Constitution or the laws of the United States.

f) Defendants at all times relevant acted in good faith and were not motivated by malice or intent to harm.

g) All actions of Defendants were for a legitimate penological purpose.

h) Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997(e).

i) Recovery by the Plaintiff is precluded by principles of sound public policy.

j) Plaintiff may have failed to mitigate his damages, if any.

k) Any injuries and damages sustained by the Plaintiff, were caused in whole or in part by the acts or omissions of the Plaintiff and/or someone other than the Defendants;

l) Any injuries or damages sustained by the Plaintiff are the result of an intervening and/or superseding cause such that Plaintiff does not have a right to recovery against the Defendants;

m) Defendants took reasonable steps to prevent harm to Plaintiff from occurring; and

n) Defendants reserve the right to amend their Answer to withdraw, modify, or assert additional affirmative defenses as discovery proceeds.

**WHEREFORE**, Defendants Taylor, Williams and Avery respectfully request that the Court enter judgment against Plaintiff and in favor of the Defendants as follows:

1. Dismiss the Complaint in its entirety, on the merits and with prejudice;

2. A monetary award in the amount of the costs and disbursements of this action as provided by law;

3. A monetary award in the amount of Defendants' reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

4. For such other relief as this Court may deem just and equitable.

**DEFENDANTS DEMAND TRIAL TO A JURY.**

Dated at Milwaukee, Wisconsin this 13th day of October, 2023.

>MARGARET C. DAUN
>Milwaukee County Corporation Counsel
>
>BY: s/ Dale R. Nikolay
>DALE R. NIKOLAY
>Assistant Corporation Counsel
>State Bar No. 1002447
>Attorney for Defendants, Amika Avery, Jordan Taylor, and Terrell Williams

**P.O. Mailing Address:**
Milwaukee County Office of Corporation Counsel
901 North 9th Street, Room 303
Milwaukee, WI 53233
Telephone:  (414) 278-4087
Facsimile:  (414) 223-1249
Email:  dale.nikolay@milwaukeecountywi.gov