UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEENAN T. KNIGHT,

    Plaintiff,

    v.    Case No. 23-cv-886

AMIKA AVERY,
JORDAN TAYLOR, and
TERRELL WILLIAMS

    Defendants.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, Amika Avery, Jordan Taylor, and Terrell Williams, by their attorney, Assistant Corporation Counsel Dale R. Nikolay, responds to plaintiff Keenan T. Knight's, Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure and Civ. L.R. 34 (E.D. Wis.) as follows.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Plaintiff respectfully request that defendants produce and provide plaintiff with the following documents and discovery material…

**RESPONSE TO REQUEST NO. 1:** No response is necessary.

**REQUEST NO. 2:** Produce any and all inmate request from the Milwaukee County Jail regarding the incident of May 31, 2023[.]

**RESPONSE TO REQUEST NO. 2:** Defendants object to this request as it is vague and ambiguous as to the meaning of the phrase "any and all inmate request." Defendants further object to this request as it is overly broad and unduly burdensome to the extent it seeks requests filed by

Exhibit 1, p. 1

individuals other than the Plaintiff. Subject to said objections and without waiving the same, attached hereto as **Exhibit L** please find Plaintiff's inmate requests filed during his incarceration in the Milwaukee County Jail from December 5, 2021 to October 13, 2023.

**REQUEST NO. 3:** Produce any and all electronic communications from the kiosk at the Milwaukee County Jail in relations to the incident of May 31, 2023[.]

**RESPONSE TO REQUEST NO. 3:** Defendants object to this request as it is vague and ambiguous as to the meaning of the phrase "any and all electronic communications from the kiosk." Defendants further object to this request as it is overly broad and unduly burdensome to the extent it seeks kiosk communications initiated by individuals other than the Plaintiff. Subject to said objection and without waiving the same, please see **Exhibit L**. Also attached hereto as **Exhibit M** please find true and correct copies of Plaintiff's grievances and the responses thereto during his incarceration in the Milwaukee County Jail from December 5, 2021 to October 13, 2023. Finally, attached hereto as **Exhibit N** please find Plaintiff's tablet history, which would include any "electronic communications" pertaining to the "incident of May 31, 2023."

**REQUEST NO. 4:** Produce names of any and all witnesses defendants intend to call against plaintiff and the subject matter witness expected to testify to.

**RESPONSE TO REQUEST NO. 4:** The Defendants object to this request as it seeks information not yet known to the Defendants and is therefore premature. Defendants have not yet moved for summary judgment and therefore the issues that may move forward to trial, if any, are not known. Subject to said objections and without waiving the same, upon information and belief, the Defendants would likely call themselves as witnesses at trial, as well as Officer Deone Dortch, Officer Jeffery Leflore, and Captain Michael Hannah. All of these individuals would discuss what they observed on May 31, 2023 as well as their training.

**REQUEST NO. 5:** Produce any and all documents and communications of any kind or description that defendants will attempt to use as evidence against plaintiff in any motions for summary judgment, trial, or any other lawful legal preceeding [sic] in regards to this litigation.

**RESPONSE TO REQUEST NO. 5:** Defendants object to this request as it is vague and ambiguous as to the meaning of the term "any and all documents and communications." Defendants further object to this request as it is premature. Subject to said objections and without waiving the same, *see* **Exhibits A – N**. Defendants also intend to use the deposition transcript of Plaintiff, a copy of which Plaintiff can obtain by contacting the court reporting agency, U.S. Legal Support, at (608) 496-1063. Defendants may also use sworn statements from the individuals referenced in response to Request No. 4, above, but said documents do not yet exist. Defendants may use excerpts taken from Plaintiff's classification file, a copy of which is attached hereto as **Exhibit O**. Defendants may also use excerpts taken from his Wellpath medical records and Department of Corrections medical records, copies of which are attached hereto as **Exhibit P** and **Exhibit Q**, respectively.

**REQUEST NO. 6:** Produce copy of the Milwaukee County Jail Sheriff manual for employees of the Milwaukee County Jail.

**RESPONSE TO REQUEST NO. 6:** Defendants object to this request as it is overly broad, unduly burdensome, and not relevant to the claims permitted in this case. Subject to said objections and without waiving the same, *see* **Exhibits H-I**, which were previously produced to Plaintiff.

**REQUEST NO. 7:** Produce all previous and current training certification for Officer Williams, Officer Taylor and Lt. Avery for possession of and use of taser.

**RESPONSE TO REQUEST NO. 7:** Objection. The information sought is not proportionate to the needs of the case and; thus, is unduly burdensome. Officer Taylor is the only individual against whom the court has permitted a claim as it relates to his use of a taser. Subject to said objections and without waiving the same, attached hereto as Exhibit R please find Officer Jordan Taylor's AXON Academy taser certification materials.

**REQUEST NO. 8:** Produce defendants disciplinary records during the course of each defendant[']s employment at the Milwaukee County Jail.

**RESPONSE TO REQUEST NO. 8:** Objection. This request is vague and ambiguous as the meaning of the term "disciplinary records" as that term is not defined. Further objecting, compiling all disciplinary matters, regardless of the basis for said discipline, over the course of the defendants' entire employment, is overly broad, unduly burdensome, and not proportional to your claims. Further, requesting such evidence suggests an intent to introduce impermissible propensity inference, which is prohibited by Fed. R. Evid. 404(b)(1) (preventing evidence of "other act[s]" from being used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Further objecting pursuant to Fed. R. Evid. 403 as the probative value in disclosing these records is substantially outweighed by the prejudicial danger that would result.

**REQUEST NO. 9:** Produce and acknowledge all information of defendants involvement and/or party to any other lawsuits, litigation, or legal proceeding within the last Ten (10) years. Rather defendants were plaintiffs or defendants in such actions.

**RESPONSE TO REQUEST NO. 9:** Objection. Compiling case information for over a decade, regardless of the basis for said litigation, is overly broad, unduly burdensome, and not proportional to your claims. Further, requesting such evidence suggests an intent to introduce

impermissible propensity inference, which is prohibited by Fed. R. Evid. 404(b)(1) (preventing evidence of "other act[s]" from being used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Further objecting pursuant to Fed. R. Evid. 403 as the probative value in disclosing these records is substantially outweighed by the prejudicial danger that would result.

Dated at Milwaukee, Wisconsin this 13th day of June, 2024.

                                  MARGARET C. DAUN
                                  Milwaukee County Corporation Counsel

                By:    <u>s/ Dale R. Nikolay</u>
                                DALE R. NIKOLAY
                                Wisconsin Bar No. 1002447
                                Assistant Corporation Counsel
                                Attorney for defendants, Amika Avery, Jordan Taylor, and Terrell Williams

<u>P.O. Mailing Address:</u>
Milwaukee County Office of Corporation Counsel
901 North 9th Street, Room 303
Milwaukee, WI 53233
Telephone:    (414) 278-4087
Facsimile:    (414) 223-1249
Email: Dale.Nikolay@milwaukeecountywi.gov