UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEENAN T. KNIGHT,

    Plaintiff,

v.                                                                    Case No. 23-cv-886

AMIKA AVERY,
JORDAN TAYLOR, and
TERRELL WILLIAMS

    Defendants.

---

# DECLARATION OF MICHAEL HANNAH

---

STATE OF WISCONSIN    )
                                  ) SS
MILWAUKEE COUNTY    )

    I, Michael Hannah, declare pursuant to 28 U.S.C. § 1746, and under penalty of perjury that the following is true and correct:

    1.    At all times relevant to this action, I was employed by the Milwaukee County Sheriff's Office ("MCSO"), including on May 31, 2023, held the position of Corrections Captain, and was assigned to the Milwaukee County Jail (the "Jail").

    2.    I base this declaration on my personal knowledge of the facts and circumstances attested to herein and my review of relevant records of Milwaukee County kept in the ordinary course of business.

    3.    One of my essential duties as a Captain at the Jail include ensuring the safety and security of the Jail, its occupants and staff.

4. Occupants that actively and deliberately resist the orders of corrections staff become a threat to the safety and security of the Jail, the staff, and the occupants.

5. Some of the equipment that corrections officers at the Jail carry to gain compliance of an actively resistant occupant include oleoresin capsicum (OC) spray and a taser gun.

6. I am familiar with Keenan Knight and recall him being an occupant in the Jail in from December 5, 2021 through October 13, 2023.

7. I recall that Mr. Knight had a large build, standing approximately 6'4" and weighing approximately 275 pounds.

8. I am also aware of numerous physical altercations in which Mr. Knight was involved during his incarceration in the Jail. I also am aware that he was disciplined numerous times for being in possession of contraband, including possession of a weapon.

9. I recall that Mr. Knight routinely disobeyed orders from staff and had issues complying with the rules and the Jail's expectations of its occupants. Further, I also recall that Mr. Knight was placed on administrative segregation multiple times during his incarceration due to his unpredictable and disruptive behavior.

10. On May 31, 2023, I was assigned to work second shift (1400 – 2230 hours) as Captain in the Jail.

11. Around the 1800 hours, I responded to the 6th Floor of the Jail after contraband was found in Mr. Knight's cell. I photographed the contraband and ordered that Mr. Knight be placed on administrative confinement because of his history of being an

institutional behavioral problem. After I ordered this classification status, I left Mr. Knight in the control of staff and left the fourth floor.

12. Administrative segregation is a classification assigned to occupants who frequently disrupt the orderly operations of the Jail. When on administrative segregation, occupants are monitored more closely to ensure adherence to the Jail's rules. Occupants receive weekly reviews to determine whether their behavior has improved and, if it has, the occupant will be permitted to return to a general population housing unit.

13. At approximately 1816 hours, I received a call requesting additional assistance to secure occupant, Keenan Knight, after he refused orders from corrections staff to be moved to a different housing unit, physically resisted being restrained, and was tased after getting into a physical altercation with officers.

14. I promptly responded to the 6th Floor - Floor Control, where Mr. Knight was being held, to provide assistance to the Jail staff at the scene.

15. Upon arriving on the 6th Floor, I witnessed occupant Keenan Knight on the floor partially secured in a RIPP restraint belt. Medical staff arrived to treat Mr. Knight as he had been tased.

16. I did not witness, and was not present, when Mr. Knight was tased.

17. I observed Officers Jordan Taylor and Jeffery LeFlore assist Mr. Knight to his feet and Officer Deone Dortch trying to secure Mr. Knight in the RIPP restraint belt to ensure the safety and security of the officers present and the facility as a whole.

18. An occupant who is not fully restrained in a RIPP restraint belt can pose significant security concerns, particularly an occupant with the size and stature of Mr. Knight.

In mere seconds, Mr. Knight would be able to use the belt portion of the restraint device as a weapon to hit or choke officers and/or other occupants. As such, occupants who are not fully restrained in a RIPP restraint device are significant security concerns.

19. At approximately 1819 hours, I instructed Officers Taylor, LeFlore and Dortch to turn Mr. Knight to face me so that I could take pictures of Mr. Knight with my agency issued phone to document the incident.

20. While I was attempting to take pictures, Mr. Knight became uncooperative, so Officers Jordan Taylor and Jeffery LeFlore secured Mr. Knight's arms while Officer Deone Dortch secured his head, so I was able to take the pictures. This is standard procedure when occupants refuse to cooperate with the documentation process of an incident.

21. I ordered a restraint chair to be brought to the 6th Floor to transport Mr. Knight due to his continued level of resistance and refusal to cooperate with officers. I believed him to be a threat to the safety and security of the Jail, including the Jail staff and occupants because of his history of noncompliance with orders and his physical size and strength.

22. When the restraint chair arrived, Mr. Knight stated that he did not want to be placed in the chair and would comply with staff and walk down to housing unit 4A without resisting.

23. I did not observe any excessive use of force during the incident involving Mr. Knight on May 31, 2023. If I had, I would have intervened immediately and

escalated the incident to the Professional Services Division for review regarding the imposition of discipline.

(The remainder of this page is intentionally left blank.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2024.


s/ Michael Hannah
MICHAEL HANNAH