UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Keenan T. Knight
    Plaintiff

Case No. 23-CV-886

v.

Amika Avery,
Jordan Taylor,
Terrell Williams,
    Defendants

Plaintiffs Memorandum of law in Opposition of Defendant's Motion for Summary Judgment and memorandum of law in Support thereof

## Introduction

Plaintiff, Keenan T. Knight, filed this case under 42 USC § 1983, alleging that officers in Milwaukee County Jail used excessive force on him after officers searched his cell and discovered contraband. Part of the excessive forced used was the unjustifed use of a Taser.

The court also exercised Supplemental Jurisdiction over plaintiffs related State law claim of intentional infliction of Emotional distress.

## Summary Judgment Standard of Review

Under Fed. R. Civ. P. 56(A), Summary Judgment is appropriate when there is no genuine issue as to any material fact and when the moving party is entitled to a Judgment as a matter of law. The moving party seeking Summary Judgment always bears the initial responsibility of informing the district Court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp v Catrett, 477 U.S. 317, 323 (1986) In determining whether there is a Genuine issue of material fact, the Court must view all facts and make all reasonable inferences in favor of the non-moving party. Matsushita Electric Industrial Co Ltd. v Zenith Radio Corp. 475 U.S 574, 587, 106 S.Ct. 1348 (1986)

## Argument

1. The defendants did not use reasonable Force under the circumstances They faced when subduing Knight.

    Summary Judgment is often inappropriate in Excessive Force cases because the evidence surrounding the officers use of Force is often susceptible of different interpretations. "A Court" may consider reasonableness as a matter of law when there are sufficient undisputed material facts to draw a conclusion. Siler v. City of Kenosha 957 F.3d 751, 759 (7th Cir. 2020)

Plaintiff Knight's case is a textbook example as to why Summary Judgment is often inappropriate in excessive force cases. The defendant's motion for Summary Judgment ultimately boils down to the argument that the plaintiff is a "Big Bad guy" and his weight and height justifies our use of force against him under the circumstances. That is Absurd

Amazingly, the defendant's admit that the competing versions of the parties involved normally precludes Summary Judgment but ask this court to credit their version of events when the video footage and other evidence indisputably discredit their claims. See Dockery v. Blackburn, 911 F.3d 458, 461 (7th Cir 2018) (Courts do not credit a party's version of events where the party's story is blatantly contradicted by the video such that no reasonable jury could believe it.)

Both parties have submitted Sworn Declarations in support of their arguments. Both are telling different versions, so it will be inappropriate for the court to resolve such credibility disputes. A Summary Judgment procedure is not meant to be a trial on Affidavits. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a Judge... The evidence of the non movant is to be believed, and all justifiable inferences are to be drawn in its Favor." Id. At 255, 106 S. Ct. At 2513

At the Summary Judgment stage the judge's function is to determine whether their is sufficient evidence favoring the non moving party for a jury to return a verdict for that party. See First national bank of Arizona v. Cities Service Company, 311 U.S. 253, 288 89, 88 S. Ct. 1575, 1592-93, 20 L. Ed

Case 2:23-cv-00886-NJ    Filed 11/08/24    Page 3 of 10    Document 47

3

2d 569 (1968)

The granting of Summary Judgment in the defendants favor will be inappropriate because there is ample evidence before this court that will allow for a reasonable Jury to find that the defendants did exercise excessive force against the plaintiff. It is a genuine issue of dispute of material facts that the force used was unjustified. Contrary to the Defendants claims, Plaintiff Knight was not physically resisting the defendants. (Knight Declaration para 33-37 At pgs 5-6) Plaintiff Knight never made the statement that if he was going to be placed on administrative segregation, he was not going easy. (Knight Decl. para 23, 26 at pg 4) The Evidence Shows that plaintiff not only complied with officers guiding him out the non-contact and being cuffed but wasn't acting aggressive or threatening. (Knight Decl. para 23-35 At pgs 4-6)

The most compelling evidence that proves there is a genuine dispute of material facts is the video evidence

### A. Video Evidence Exhibits #1 pgs 1-10

The video evidence clearly shows plaintiff Knight cooperating with the officers being removed from the booth, and handcuffed by Officers Taylor and Dortch while Williams points his taser at him. (Knight Exhibit 1 At 1)

Plaintiff Knight's Hands being further secured while he talks to Defendants Williams and Avery. Again, there is no physical resistance at all. (Knight Exhibit 1 at 2) Now, Defendants Williams and Avery

4

All can be seen holstering their tasers, because Knight is fully cooperating and clearly not being aggressive, combative, nor threatening. (Knight Exhibit 1 at pg 3) Defendant Williams beginning to secure the ripp belt around plaintiffs waist, Avery holstering her taser and out of nowhere Defendant Williams grab plaintiff by his chin area and forehead and dangerously, aggressively, and violently and yank him down to the ground. (Knights Exhibits 1 at pg 5-8) Moreover, the Defendant along with the other officers can also be seen pouncing on the plaintiff as he tries to orient himself after the unjustified use of force against him. (Knight Exhibit 1 at pg 9-13) It is no surprise that the exact same Gun-Ho officer, Defendant Williams, who was eager to tase plaintiff Knight is the very exact same officer who escalates a peaceful restraining of plaintiff into a violent use of excessive force, which resulted in Defendant Williams obtaining his goal and objective, The Tasing of plaintiff Knight. (Knight Ex. 1 At pg 14-16)

Plaintiff Knight Exhibit Evidence #2 at pgs. 1-7, clearly demonstrate there was no aggression or threatening behavior by Knight. No Knuckle cracking or fist balling, as falsely claimed by the defendant. (Knight Decl. para 23-26, pg 4)

There was no need for the force used. The defendants wanted to hurt plaintiff Knight, pure and simple. The force applied was not in good faith or to restore or maintain order. The video evidence blatantly contradicts the defendants version of events which precludes summary judgment. The video evidence is crucial

When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on summary judgment. Scott v. Harris, 550 U.S. 372, 378 (2007). This is even true when certain portions of videotape evidence are inconclusive and the parties present different versions of the events. Boyd v. Pollard, 621 Fed. Appx 352, 355-56 (7th Cir 2015)

Plaintiff's Knight version of the event is factually supported by the record.

Plaintiff Knight's weight, Height, pass incidents of alleged misconduct while housed in Milwaukee County Jail, etc are not outcome determinative material facts for purposes of summary judgment. Material facts are those under the applicable substantive law that "might affect the outcome of the suit. See Anderson, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a Summary Judgment motion. A dispute over a material fact "is" genuine if the evidence is such that a reasonable jury could return a verdict for the non moving party.

There is a sufficient material dispute of facts in this case, which precludes summary judgment. The plaintiff Knight believes that this Court cannot casually or inadvertently overlook the material fact that he never pulled away from defendant Williams while he was securing the RIPP belt around his waist, but it was actually officer Dortch and defendant Taylor whom pulled Plaintiff Knight's hands

(Knight decl. para 33-39 at pgs 5-6) A reasonable jury could find for Knight with these facts. The defendants do not get to create the perceived non-compliance by causing the person to move and then violently slam the inmate to the ground and tase him. See Mitchell v. Cooper 594 Fed. Appx 874 (7th cir. 2014), Hendrickson v. Cooper 589 F.3d 887 (7th cir 2009), Danley, 540 F.3d at 1309. The Eighth and Fourteenth amendments prohibits the "unnecessary and wanton infliction of pain on prisoners. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th cir 2001), Williams v. Burton, 943 F.2d 1572 (11th cir 1991), ORT, 813 F.2d at 327.

## B. Amika Avery Did Fail To Intervene When Williams and Taylor Violated Knight's Constitutional Rights

If the court agrees with the plaintiff Knight that a reasonable jury could find that Defendants Taylor and Williams used excessive force and the force used was unjustified, then, a jury could equally find that defendant Avery failed to intervene to prevent the violations of Knight's constitutional rights. Instead, Avery joined the officer in pinning Knight down to the ground reaching a hand in Knight's face aggressively attempting a pressure point behind the ear. When that didn't accomplish what she wanted in causing pain and excessive force, Avery punched Knight while he is pinned down on the ground two times in the abdomen area. These facts make Avery liable for the excessive force used against Knight. Danley, 540 F.3d at 1309,

7

ort, 813 F.2d at 327; Hadley v. Gutierrez 1324, 1330 (11th Cir 2008), and thus makes her liable as the lieutenant who failed to take any reasonable steps to prevent and stop the excessive force being used against Knight.

An official commits a constitutional violation if she "acts or fails to act with a deliberate or reckless disregard of the Plaintiffs constitutional rights." Filmore v. Page, 358 F.3d 496, 506 (7th Cir 2004) (quoting Crowder v. Lash, 687 Fed 996, 1005 (7th Cir 1982) To be sure 'police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiffs rights through use of excessive force but fail to do so could be liable under § 1983. Miller v. Smith 220 F.3d 491, 495 (7th Cir. 2000) Defendant Avery is not entitled to summary judgment on this claim or for claim of excessive force.

C. THE DEFENDANTS AVERY, TAYLOR, OR WILLIAMS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

For pretrial detainees, the constitutional right to be free from unjustified and excessive use of force has been established law for many many decades in this country, equally just as long in the 7th circuit. See Hudson v McMillian, 503 U.S 1, 6 (1992); Wilson v. Williams 83 F.3d 870, 875-76 (7th Cir. 1996) For claims of excessive force in violation of the Eighth or Fourteenth Amend., a plaintiff can overcome a defense of qualified immunity by

Showing only the first prong of the qualified immunity test, that his Eighth or Fourteenth Amend. rights have been violated; this is because the subjective element required to establish it is so extreme that EVERY conceivable set of circumstances in which this Constitutional violation occurs is clearly established to be a violation of the Constitution. See Fennell v. Gilstrap, 559. F.3d 1212. Plaintiff Knight DID NOT pull away from defendant Williams, but was rather pulled forward by officers Taylor or Dortch, which caused Williams to seize the opportunity that he had been waiting for - The opportunity to use force on Plaintiff! See HILL v. Shelander 992 F.2d 714, 718 (7th cir. 1993)

If the fact finder were to accepts Plaintiff Knight version of events, which are support by video footage of the incident, then the Defendants arguably acted without justification and excessively because there would have been no need for the defendants to physically assault Knight, who was handcuffed and not resisting, in order to maintain or restore discipline in the J.J.C.

As is the case here. There isn't any measure of reasonableness when force has been used to restrain a detainee who isn't resisting, or because the three officers are failing to communicate while one is securing the ripp belt.

The courts should deny the defendants Summary Judgment on the grounds of Qualified immunity. See Also Hendrickson v. Cooper, 589 F.3d 887, 891 (7th cir 2009) (officer applied "gratuitous" force, intended only to cause pain, when he had an argument with an inmate and then slammed the inmate into a wall

without perceiving any real threat)

## Conclusion

For the reasons set forth, Plaintiff Knight requests that the Court deny the defendants motion for summary Judgment in its entirety.

Dated November 1, 2024

Respectfully

Keenan T. Knight