KEENAN T. KNIGHT,

    Plaintiff,

    v.                                        Case No. 23-cv-886

AMIKA AVERY,
JORDAN TAYLOR, and
TERRELL WILLIAMS,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' PROPOSED FINDINGS OF FACT (ECF No. 32)

Defendants, Amika Avery, Jordan Taylor, and Terrell Williams, hereby submit the following reply in support of Defendants' Proposed Findings of Fact.

*3.    Prior to May 31, 2023, Knight engaged in numerous physical altercations and created multiple disturbances during his incarceration in the Jail. (Hannah Decl., ¶ 8; LeFlore Decl., ¶ 6; Williams Decl., ¶ 6; Taylor Decl., ¶ 7; Avery Decl., ¶ 6; Dingman Decl., Ex. 6, pp. 33-76).*

**PLAINTIFF'S DISPUTE**:   Dispute. Objection. Dingman Decl., Ex. 6 pp. 33-76 wasn't attached as evidence to support contention. Furthermore, Plaintiff Knight isn't a violent, dsiruptive [sic] or hostile inmate and was only found guilty of four of the incidents referenced. (Knight Decl. ¶ _).

**REPLY**:   Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic v.*

*Heinemann's Inc.*, 121 F.3d 281, 285 (7th Cir. 1997). As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

   4.   *Indeed, Knight received 9 major disciplinary writeups, which includes instances of being in possession of contraband, including being in possession of a weapon. (Hannah Decl., ¶ 8; Williams Decl., ¶ 6; Dingman Decl., ¶ 10, Ex. 5).*

**PLAINTIFF'S DISPUTE**: Dispute. Knight did receive nine major disciplinary write ups, however, Knight was actually only found guilty of four of those disciplinary write ups. (Knight Decl. ¶ _)

**REPLY**:   Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

   5.   *Knight routinely disobeyed orders from staff, had issues complying with the rules and expectations of the Jail, and was placed on administrative segregation[1] multiple times due to his unpredictable and disruptive behavior. (Hannah Decl., ¶ 9; Williams Decl., ¶ 6; Avery Decl., ¶ 6; Nikolay Decl., ¶ 4; Ex. 1, Knight Dep. Tr. 21:2-11; Dingman Decl., Ex. 6, pp. 33-76).*

**PLAINTIFF'S DISPUTE**:   Dispute. Knight complied with all orders and directives on May 31, 2023 and his administrative segregation placement was overturned by Inspector Dobson on appeal. (Knight Decl. ¶ _, Ex. _)

**REPLY**:   Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at

---

[1] Administrative segregation is a classification assigned to occupants who frequently disrupt the orderly operations of the Jail. When on administrative segregation, occupants are monitored more closely to ensure adherence to the Jail's rules. Occupants receive weekly reviews to determine whether their behavior has improved and, if it has, the occupant will be permitted to return to a general population housing unit. (Hannah Decl., ¶ 12).

285. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann v. Wergin*, No. 22-C-894, 2024 WL 2113954, at *1 (E.D. Wis. May 10, 2024). As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

6. *In fact, Lt. Avery and Officers Williams and Taylor were aware that Knight was in multiple physical altercations and had history of exhibiting unpredictable and disruptive behavior before the May 31, 2023 incident occurred. (Williams Decl., ¶¶ 5-6; Taylor Decl., ¶¶ 6-7; Avery Decl., ¶¶ 5-6).*

**PLAINTIFF'S DISPUTE**: Dispute. Prior to May 31, 2023, Knight was involved in and found guilty of one physical alteration with another inmate. He was not disruptive or violent on May 31, 2023. (Knight Decl. ¶ _)

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

9. *Knight initially refused to go into the* non-contact *booth, but eventually complied with Lt. Avery's orders. (Nikolay Decl., ¶ 4, Ex. 1, Dep. Tr. 11:8-14:12, 48:5-49:19).*

**PLAINTIFF'S DISPUTE**: Dispute. Officer Saavedra came on Knight's cell inter-com and stated Knight had a lawyer visit on floor control. Knight went out to floor control and Deputy Rivera also told Knight he had a lawyer visit. Due to not seeing his attorney present, Knight informed Deputy Rivera that he would like to go back to his cell. Lt. Avery then approached and informed Knight that he did not have an attorney visit but he was pulled out of his cell so it could be searched. Lt. Avery asked Knight to go into the non-contact booth and he complied. (Knight Decl., ¶ 6-12; Nickolay Decl. Ex. 1, Knight Dep. Tr.)

**REPLY:** Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*14. Knight was also informed he would be placed on administrative segregation, to which he responded, "well I ain't complying then - we might as well get this party started" and the cell door in which he was housed is seen visibly moving as if it were kicked by Knight. (Williams Decl., ¶ 14: Dingman Decl., Ex. 4 at 18:09:00-18:09:06).*

**PLAINTIFF'S DISPUTE**: Dispute. Lt. Avery informed Knight that he would be moving to 4A pending disciplinary due process. Lt. Avery then asked Knight "Where did you get the cigarettes from?" "Did a[n] officer give you the cigarettes?" When Knight denied ever having any cigarettes and asked why is he being targeted, Lt. Avery responded that she was placing Knight on adseg. Knight very adamantly requested to speak with Captain Hannah regarding the adseg status. Lt. Avery then walked away from the non-contact booth. Knight never stated "Well I aint complying then we might as well get this party started". Lt. Avery was not at or near the non-contact booth when the door is seeing visibly moving. (Knight Decl. ¶ 15-20; Nickolay [sic] Decl. Ex. 1, Knight Dep. Tr. Dingman Decl. Ex. 4 video footage 6th floor.)

**REPLY:** Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement,

consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

16. *Lt. Avery again ordered Knight to comply with the legal and lawful order to be placed in a RIPP restraint belt to be escorted to housing unit 4A; Officers Williams, and Taylor and Deputy Sheriff Raul Rivera arrived and also tried to communicate with Knight to gain compliance, but Knight continued to refuse to comply. (Avery Decl., ¶ 16; Taylor Decl., ¶ 13).*

**PLAINTIFF'S DISPUTE**: Dispute. Knight was not failing to comply with any order but simply silently taking time to get his mental and emotional state together to be placed in adseg. (Knight Decl. ¶ )

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

19. *Knight continued to refuse all orders and stated, "If I'm going on ad-seg I might as well make it for a reason," which confirmed noncompliance to Officer Williams, so he unholstered his taser, aimed it at Knight, and informed Knight that if he did not comply with staff orders to be secured, force can and will be used against him to get him to move to his new housing assignment. (Williams Decl., ¶ 17; Taylor Decl., ¶ 16; Dingman Decl., Ex. 3 at 18:10:40-18:12:53, Ex. 4 at 18:11:00-18:11:44).*

**PLAINTIFF'S DISPUTE**: Dispute. Upon Deputy Rivera opening the non-contact cell door, Deputy Rivera and Officer Taylor asked Knight to cuff up, Knight continued to stand silently rubbing his hands toge[t]her in circular motions. Knight never stated "If I'm going to adseg I might as well make it for a reason." In fact, in direct cont[r]adiction, officer Williams' body

5

camera footage show Knight standing silently unresponsive. Officer Williams then pulled out his taser and aimed it at Knight informing Knight if he didn't comply he would be tased. (Dingman Decl. Ex. 3, body camera footage; Knight Decl. ¶ ; Nickolay [sic] Decl. Ex. 1, Knight Dep. Tr.

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

20. *While inside the non-contact booth, Mr. Knight was repeatedly cracking his knuckles and making fists, all of which was indictive to Officer Taylor that Mr. Knight was not going to go without a fight. (Taylor Decl., ¶ 13).*

**PLAINTIFF'S DISPUTE**: Dispute. The defendants' allegations are completely false and made in bad faith. Officer Williams was wearing a body worn camera. The body worn camera (BWC) footage clearly shows that Knight was not cracking his knuckles or making fists. I was standing silently and rubbing my hands together nervously in circular motions. (Dingman Decl. ¶ Ex. 3 Body Camera footage, Knight Decl. ¶ ; Nickolay [sic] Decl. ¶ Ex. 1; Knight Dep. Tr.

**REPLY**: Objection. Plaintiff's response is non-responsive to the proposed fact. This fact addressed Officer Taylor's perceptions of Knight. *See, e.g., Garza v. Wautoma Area Sch. Dist.*, 984 F. Supp. 2d 932, 935 (E.D. Wis. 2013) ("[Plaintiff's] failure to respond directly to the proposed fact suggests either carelessness or a fear that a direct response will harm his interests"). Furthermore, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Further objecting, this response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further objecting to Plaintiff's added factual content. "If

6

the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

26. *Officer Dortch also tried to gain compliance from Mr. Knight but was not successful. (Avery Decl., ¶ 18; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 66:24-67:1).*

**PLAINTIFF'S DISPUTE**: Dispute. Officer Dortch approached to assist Officer Taylor who had one of my hands cuffed. Officer Dortch and Officer Taylor guided me out of the non-contact booth and successfully secured both of my wrists without incident of any kind because I was not being resistive. (Dingman Decl. Ex. 2, pgs 14-20, 24; Ex. 3 body camera footage, Ex. 4, 6th floor video footage; Knight Decl. ¶ )

**REPLY**: Objection. "[M]ere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Further objecting, this response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

27. *Officers Dortch and Taylor were able to guide Mr. Knight out of the non-contact booth while Officer Taylor was attempting to secure one of his hands in the handcuff portion of the RIPP restraint belt. (Taylor Decl., ¶ 17; Avery Decl., ¶ 19).*

**PLAINTIFF'S DISPUTE**: Dispute. Officers Dortch and Taylor did in fact guide Knight out of the non-contact booth. Once outside of the non-contact booth, Officer Dortch and Taylor secured

Knight's hands in the handcuffs and maintained a tight secure grip on both of Knight's wrist and forearms. (Dingman Decl. Ex. 3. Ex. 4; Knight Decl. ¶  )

**REPLY**:     Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Furthermore, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*28.     During this process, Mr. Knight was agitated, tense, and focused on Officer Williams, whose taser remained drawn and aimed at Mr. Knight. (Taylor Decl., ¶ 17; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 56:25-57:23).*

**PLAINTIFF'S DISPUTE**:    Dispute.  Knight's attention was not solely focused on Officer Williams.  Knight's demeanor was not agitated, tense and in fact, Knight is seen smiling during this process.  (Dingman Decl. ¶   Ex. 3, Ex. 4 video footage)

**REPLY**:     Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Furthermore, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*29.     Officer Taylor secured one of Knight's wrists into the handcuff portion of the RIPP restraint belt; however, Officer Dortch was not successful in securing his other wrist into the handcuff due to Knight clasping his hands together to prevent his other wrist from being secured. (Williams Decl., ¶ 20; Dingman Decl., Ex. 4 at 18:13:07-18:13:48; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 56:25-57:23).*

**PLAINTIFF'S DISPUTE**: Dispute. This allegation is completely false and again made in bad faith. Video footage of the incident will show that once outside of the non-contact booth Officers Dortch and Taylor did in fact secure both pf [sic] Knight's hands into the handcuffs and maintained a secured grip on Knight wrist and forearm. Knight was not resisting nor did Knight clasp his hands together to prevent being secured. (Dingman Decl. Ex. 2 pg. 14-20; Dingman Decl. Ex. 3, Ex. 4; Knight Decl. ¶ )

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

30. *Officer Taylor then attempted to secure Mr. Knight's other hand in the handcuff portion of the RIPP restraint belt but was unable due to him tensing up and moving. (Taylor Decl., ¶ 18; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 63:15-64:24).*

**PLAINTIFF'S DISPUTE**: Dispute. Same answer as supra 28-29.

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include

references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*31.  Officer Williams holstered his taser and positioned himself behind Knight and began to place the RIPP restraint Velcro belt around Knight's waist; however, Knight continued to resist, preventing Officer Williams from being able to secure Knight. (Williams Decl., ¶ 21; Taylor Decl., ¶ 18; Avery Decl., ¶ 20; Dingman Decl., Ex. 3 at 18:13:42-18:13:50, Ex. 4 at 18:13:42-18:13:50).*

**PLAINTIFF'S DISPUTE**:   Dispute.  Officer Williams and Lt. Avery both holstered their taser, which objectively indicates that they did not view me as a threat nor was I resisting.  Officer Williams stepped behind me and reached around Knight's body to grab the RIPP belt and pulled back on the RIPP belt towards him.  Officers Dortch and Taylor both pulled my hands back towards them. Officer Williams immediately let go of the belt and forcefully and very aggressively wrapped his arms around Knight's forehead and chin area, stepped back and violently yanked me to the ground, in a very awkward and dangerous manner.  (Knight Decl. ¶  ; Ex. 4 video footage.)

**REPLY**:   Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*32.  An occupant who is not fully secured in a RIPP restraint belt can pose significant security concerns, particularly an occupant with the size and stature of Knight. (Hannah Decl., ¶*

18; LeFlore Decl., ¶ 11; Williams Decl., ¶ 16; Avery Decl., ¶ 17).

**PLAINTIFF'S DISPUTE**: Dispute. This is a hypothetical scenario of what "could have" happen. Defendants' are again attempting to use Knight's size and stature as a means of justification to use unnecessary excessive force against Knight.

**REPLY**: Objection. This response is argument. "Argument is not evidence upon which to base a denial of summary judgment." *See Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 361 (7th Cir. 1992). As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

33. *In mere seconds, Mr. Knight would be able to use the belt portion of the restraint device as a weapon to hit or choke officers and/or other occupants. (Hannah Decl., ¶ 18; LeFlore Decl., ¶ 11; Williams Decl., ¶ 16; Avery Decl., ¶ 17; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 79:24-80:8).*

**PLAINTIFF'S DISPUTE**: Dispute. Again Defendants are attempting to use a hypothetical situation to justify using excessive force on Knight. Knight was surrounded by six officers and same officers declared Knight was secured in their supplemental reports. (Dingman Decl. Ex. 2. pg 14-20, 24; Dingman Decl., Ex. 4 video footage)

**REPLY**: Objection. This response is argument. "Argument is not evidence upon which to base a denial of summary judgment." *See Scherer*, 975 F.2d at 361. Furthermore, conclusory statements without evidentiary support are insufficient on summary judgment. *See Jamison-Bey*, 867 F.2d at 1048. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

34. *At this time, Lt. Avery and Officer Taylor observed Knight tense up and ball his fist up, which signified to Officer Taylor that Knight was getting into a pre-attack posture and an attempted assault was imminent. (Taylor Decl., ¶ 18; Avery Decl., ¶ 20).*

**PLAINTIFF'S DISPUTE**: Dispute. This allegation is again false and made in bad faith to deceive the court. Video footage will show that officers Dortch and Taylor both had Knight's hands in the handcuffs and maintained a secured grip on Knight's wrist and forearms. Video

footage will contradict defendant's allegation that Knight balled up his fist and/or made any other moves that would indicate that Knight was prepareing [sic] to attack any officer. (Dingman Decl, Ex. 3, Ex. 4; Knight Decl., )

**REPLY**: Objection. Plaintiff's response is non-responsive to the proposed fact. This fact addressed Officer Taylor's perceptions of Knight. *See, e.g., Garza v. Wautoma Area Sch. Dist.*, 984 F. Supp. 2d 932, 935 (E.D. Wis. 2013) ("[Plaintiff's] failure to respond directly to the proposed fact suggests either carelessness or a fear that a direct response will harm his interests"). Furthermore, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Further objecting, this response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*35. After assessing the dangerousness of the situation, and Knight's continued level of resistance and the fact that it felt to Officer Williams as if Knight was pulling his hands away, Officer Williams performed a secure head decentralization technique[2] on Knight to gain his compliance and to prevent injury to staff. (Williams Decl., ¶ 22; Taylor Decl., ¶ 18; Avery Decl., ¶ 20; Dingman Decl., Ex. 4 at 18:13:51-18:13:55; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 73:11-14, 74:23-75:22).*

**PLAINTIFF'S DISPUTE**: Dispute. Again video footage capturing this situation will contradict defendant's false and bad faith version of events. Knight was not resisting. Officers Dortch and

---

[2] A secure head decentralization technique is where an officer blankets and secures the occupant's head with proper hand position with the reaction hand cupping the front of the occupant's chin and with the strong side hand positioned over the occupant's eyes and nose. The officer moves slightly backwards from the occupant to move the occupant off center, gives proper verbal commands, and pivots along an arc and properly directs the occupant to the ground. (Williams Decl., ¶ 22; Avery Decl., ¶ 21).

12

Case 2:23-cv-00886-NJ   Filed 11/22/24   Page 12 of 20   Document 51

Taylor had both of Knight's hand secured in handcuffs. Officer Williams reached around Knight and pulled on the belt towards him causing officers Dortch and Taylor to both yank my hands back towards them. Knight was not being resistive nor combative. Officer Williams immediately grabbed Knight's head wrapping his arms around Knights forehead and chin area and stepped back in a very awkward and dangerous manner down to the ground from behind. (Knight Decl., 36-39; Dingman Decl. Ex. 3, Ex. 4 video footage)

**REPLY**: Defendants rely on their original fact and supporting evidence. Defendants object to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1.

*36.  Once on the ground, several officers, including Lt. Avery and Officer Taylor, rushed over to Knight to further stabilize him as he was on the ground resisting and had ahold of Officer Williams' shirt collar. (Avery Decl., ¶ 22; Williams Decl., ¶ 23; Taylor Decl., ¶ 19; Dingman Decl., Ex. 4 at 18:13:56 -18:14:01; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 77:14-21, 81:6-10).*

**PLAINTIFF'S DISPUTE**: Dispute. Video footage will show that Officer Williams awkwardly, aggressively, and dangerously yanked Knight down to the ground by his head. Seven officers, including Williams, Dortch, Taylor, Saavedra, Deputy Rivera, Dangerfield and Lt. Avery all immediately responded. Although Knight did have an initial adverse reaction Knight's hands remained cuffed and Knight never reached for or grabbed Williams shirt collar. The mentioned officers all had Knight pinned down to the ground from head to feet piled on top of Knight. Knight was not resisting any of the officers. (Dingman Decl., Ex. 4; Knight Decl.,  )

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search

of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

*37. Knight was given several commands by Officers Williams and Taylor to let him go, but Knight did not comply with those commands. (Williams Decl., ¶ 23; Avery Decl., ¶¶ 22-23; Taylor Decl., ¶ 19; Dingman Decl., Ex. 3 at 18:14:10-18:14:14).*

**PLAINTIFF'S DISPUTE**: Dispute. Knight never grabbed Officer Williams shirt collar or his person. I do not recall being given any commands to let Williams go especially due to the fact that Knight never grabbed Williams shirt collar or his physical person nor that of any officer.

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. As such, this fact should be deemed admitted in full pursuant to Fed. R. Civ. P. 56(e)(2)

*38. Fearing for the safety of Officer Williams and to stop Knight from further resisting, Lt. Avery attempted to apply a pressure point to Knight's right ear to force him to release Officer Williams' shirt collar, but it was not successful. (Avery Decl., ¶ 24).*

**PLAINTIFF'S DISPUTE**: Dispute. Video footage shows that Knight was completely and effectively pinned down by seven officers including Lt. Avery. Knight was not resisting the officers. While pinned down Knight felt a hand digging into his eye and face area. Knight later learned through Discovery that it was Lt. Avery's hand digging into his eyes and facial area. (Knight Decl.,  , Nikolay Decl., Ex. 1, Knight Dep. Tr.   )

**REPLY**:	Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Furthermore, conclusory statements without evidentiary support are insufficient on summary judgment. *See Jamison-Bey*, 867 F.2d at 1048. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

40. *Both the pressure point and focused strikes are trained techniques used before escalating the use of force. (Avery Decl., ¶ 24).*

**PLAINTIFF'S DISPUTE**:   Dispute.  The use of pressure points and focus strikes are already an escalated use of force from verbal descalation [sic] trained tactics.

**REPLY**:	Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

41. *Assessing the dangerousness of the situation, including the fact that Knight had a RIPP restraint belt that was not secured on his person which he could use as a dangerous weapon, and Knight's continued level of resistance, at approximately 1814 hours Officer Taylor unholstered his taser and warned staff of his intent to use it by stating "Move, Taser, Taser, Taser" as is proper procedure. (Taylor Decl., ¶ 20; Williams Decl., ¶ 24; Avery Decl., ¶ 25; Dingman Decl., Ex. 3 at 18:14:15-18:14:22; Nikolay Decl., ¶ 4, Ex. 1, Knight Dep. Tr. 79:24-80:18, 81:6-10).*

**PLAINTIFF'S DISPUTE**: Video footage will show that although the ripp belt was not wrapped around Knight's waist, Knight was not resisting and was effectively pinned down by seven officers, Taylor included, when Taylor suddenly reach for his taser and yelled "move, taser, taser, taser" and soon as the remainding [sic] officers cleared away from Knight, Taylor shot Knight with his taser striking Knight lower left back and upper left buttock causing two metal hook-like prongs to penetrate Knight's skin. (Knight Decl.,  ; Dingman Decl., Ex. 3, Ex. 4 video footage; Nikolay Decl., Ex. 1 Knight Dep. Tr.   )

**REPLY**:  Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Furthermore, conclusory statements without evidentiary support are insufficient on summary judgment. *See Jamison-Bey*, 867 F.2d at 1048. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. Further, Plaintiff neither admits nor denies this proposed fact. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

43. *The taser was effective resulting in Knight's immediate compliance and Officer Williams was able to escape from Knight's grip.* (Taylor Decl., ¶ 20; Avery Decl., ¶ 26; Dingman Decl., Ex. 4 at 18:14:00-18:14:17).

**PLAINTIFF'S DISPUTE**: Video footage will show that when Taylor yelled "move, taser, taser, taser the remaining six officers immediately disengaged from Knight. Officer Williams cleared from Knight as Knight was not resisting nor did Knight have a hold on Williams when Taylor shot Knight with his taser. (Knight Decl.,  ; Dingman Decl., Ex. 4 video footage; Nikolay Decl., Ex. 1, Knight Dep. Tr.

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Further, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. Furthermore, conclusory statements without evidentiary support are insufficient on summary judgment. *See Jamison-Bey*, 867 F.2d at 1048. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. Further, Plaintiff neither admits nor denies this proposed fact. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

47. *Knight continued to act in a resistive manner after being tased. (Hannah Decl., ¶¶ 13-15, 19-21; LeFlore Decl., ¶¶ 13-14, Ex. 3 at 18:19:29-18:19:52, Ex. 4 at 18:19:29-18:20:15).*

**PLAINTIFF'S DISPUTE**: Dispute. Knight was not being resistive after being tased. Once Knight was stood up by officers Knight partially loss his balance due to trying to put his feet in his shower shoes and officers Taylor, Dortch, and LeFlore forcefully pinned Knight up against the wall. (Dingman Decl., Ex. 4 video footage; Nikolay Decl., Ex. 1 Knight Dep. Tr.

**REPLY**: Objection. This response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Furthermore, conclusory statements without evidentiary support are insufficient on summary judgment. *See Jamison-Bey*, 867 F.2d at 1048. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

49. *The corrections staff present did not observe any officer use excessive force during the incident involving Mr. Knight on May 31, 2023. (Williams Decl., ¶ 27; Taylor Decl., ¶ 22; Avery Decl., ¶ 29).*

**PLAINTIFF'S DISPUTE**: Video footage that captured the entire incident will show how violent, explosive, and dangerously officers responded to Knight. Knight was not being resistive and combative as alleged and both of Knights hands were secured in handcuffs by Dortch and Taylor when Williams created to need for excessive force by pulling on the ripp belt causing Dortch and Taylor pulling back thus creating a reason to use excessive force which resulted in Knight being very aggressively thrown down to the ground, Lt. Avery attempting to apply pressure points and striking Knight in the abdomen area and Taylor tasing Knight although Knight was handcuff on the ground pinned down by seven officers. (Dingman Decl. 4; Knight's Decl., )

**REPLY**: Objection. This response is argument. "Argument is not evidence upon which to base a denial of summary judgment." *See Scherer*, 975 F.2d at 361. Further objecting, this response fails to comply with the requirements of Fed. R. Civ. P 56(c)(1)(A) and Civ. L. R. 56(b)(2)(B)(i) in that it does not make specific reference to parts of the record that would support Plaintiff's dispute. It is not the court's task to "scour the record in search of a genuine issue of triable fact," rather, the court relies on "the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *See Brasic*, 121 F.3d at 285. Furthermore, conclusory statements without evidentiary support are insufficient on summary judgment. *See Jamison-Bey*, 867 F.2d at 1048. Further objecting to Plaintiff's added factual content. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. Further, Plaintiff neither admits nor denies this proposed fact. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

50. *After Knight was tased, medical staff removed the prongs from his left buttocks and left flank area without difficulty. (Nikolay Decl., ¶ 5, Ex. 2).*

**PLAINTIFF'S DISPUTE**: Medical staff responded due to Knight being tased. The nurse had to the taser prongs from Knight buttocks and lower back by grabbing and forcefully snatching the medical prongs from Knight's body further causing severe pain and leaving bleeding puncture wounds at entry site. (Knight Decl., 47)

**REPLY**: Objection. Plaintiff's added factual content is improper in response to a proposed finding of fact. "If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that

set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion." *See Salzmann*, 2024 WL 2113954, at *1. Further, Plaintiff neither admits nor denies this proposed fact. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

51. *The areas on Knight's body that were hit by the taser prongs were cleaned with normal saline and he denied any other concerns. (Nikolay Decl., ¶ 5, Ex. 2).*

**PLAINTIFF'S DISPUTE**: Dispute. Knight never refused medical treatment from the nurse. (Dingman Decl., Ex. 3, Ex. 4 video footage; Knight Decl., 47-48)

**REPLY**: Objection. Plaintiff's response is non-responsive to the proposed fact. "[Plaintiff's] failure to respond directly to the proposed fact suggests either carelessness or a fear that a direct response will harm his interests". *See Garza*, 984 F. Supp. 2d at 935. Further objecting, "mere disagreement with the movant's asserted facts is inadequate [to demonstrate genuine issue of material fact] if made without reference to specific supporting material." *Smith*, 321 F.3d at 683. As such, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

54. *Pursuant to Wisconsin Statute section 893.80(1d), the Milwaukee County Clerk's Office must be presented with a claim containing the address of the claimant and an itemized statement of the relief sought when said matters are alleged against Milwaukee County and/or its employees. (Dostanic Decl., ¶ 4).*

**PLAINTIFF'S DISPUTE**: Defendants waived this issue. The scheduling order directed Parties to file Summary Judgment on Exhaustion of remedies no later than December 18, 2023 (ECF. Court document 13)

**REPLY**: Objection. This response is argument. "Argument is not evidence upon which to base a denial of summary judgment." *See Scherer*, 975 F.2d at 361. Further, Plaintiff neither admits nor denies this proposed fact. Accordingly, the Court should deem this fact admitted in full pursuant to Fed. R. Civ. P. 56(e)(2).

Dated at Milwaukee, Wisconsin this 22nd day of November, 2024.

                                      SCOTT F. BROWN
                                      Milwaukee County Corporation Counsel

                By:     s/ Dale R. Nikolay
                            DALE R. NIKOLAY
                            Wisconsin Bar No. 1002447
                            Assistant Corporation Counsel
                            Attorney for defendants, Amika Avery, Jordan Taylor, and Terrell Williams

P.O. Mailing Address:
Milwaukee County Office of Corporation Counsel
901 North 9th Street, Room 303
Milwaukee, WI 53233
Telephone:    (414) 278-4087
Facsimile:     (414) 223-1249
Email:  dale.nikolay@milwaukeecountywi.gov