# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEENAN T. KNIGHT,**

        **Plaintiff,**

v.                              Case No. 23-CV-886

**AMIKA AVERY,** *et al.*,

        **Defendants.**

## ORDER

On April 3, 2025, *pro se* plaintiff Keenan T. Knight filed a motion asking the court to clarify whether it ruled on the excessive force claim against Amika Avery in its March 20, 2025, decision and order on the defendants' motion for summary judgment. (ECF No. 60.) Knight points out that at screening, he was allowed to proceed on an excessive force claim against a John Doe defendant, who he later identified as Avery. (ECF No. 19). On February 27, 2024, the court granted his motion to identify the Doe defendant as Avery via text only order and allowed Knight to proceed on an excessive force claim against her in addition to the failure to intervene claim.

The court did not specifically address the claim against Avery in its March 20 order. It will do so now.

In his complaint, Knight alleged that the John Doe defendant was the officer who helped defendant Taylor restrain him with the handcuffs. (ECF No. 1 at 4–5.) Then, when he was on the ground, the Doe defendant hit him in the stomach, hard, twice. (*Id.*) The evidence submitted from both parties during summary judgment clearly show that Avery was not the officer that helped Taylor restrain Knight—that was non-defendant Officer Dortch. (ECF No. 32, ¶ 29.) However, it is undisputed that Avery was the officer who struck Knight in the stomach twice. (*Id.*, ¶ 39.) The defendants argue this was a stabilizing technique that failed; thus, it was not excessive force. (ECF No. 33 at 8, 11.) Knight describes Avery's actions as painful blows that were not necessary because he was not resisting. (ECF No. 49, ¶ 44.)

The court applies the Fourteenth Amendment excessive force standard it outlined in its March 20 decision and order. (ECF No. 59 at 10.) As with Williams and Taylor, there is a question of material fact as to whether Avery's use of force was excessive. The videos are inconclusive, as neither the body camera video nor the surveillance video corroborate either side's story. Neither video clearly shows Avery's actions or whether Knight was actively resisting. (ECF No. 34-4 at 30:49-31:09.) As such, the video does not resolve the dispute as to whether Avery's use of force was a necessary stabilizing tactic or excessive because Knight was not resisting. The excessive force claim against Avery survives.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Knight's motion for clarification of the summary judgment order (ECF No. 60) is **GRANTED**. Summary

2

judgment as to the Fourteenth Amendment excessive force claim against Avery is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of May, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge